BLILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDRA M. MICHAEL (Cal. Bar No. 360494)
DAVID PI (Cal. Bar No. 337432)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3756
    Facsimile: (213) 894-0141
    E-mail:   Alexandra.michael@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>LUPE LOUISE ROSE,<br><br>       Defendant. | No. 2:24-cr-00037-GW<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:** September 17, 2025<br>**PROPOSED TRIAL DATE:** May 6, 2026 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Alexandra M. Michael and David Pi, and defendant Lupe Louise Rose ("defendant"), both individually and by and through her counsel of record, Deputy Federal Public Defender Iboh Umodu, hereby stipulate as follows:

1. The Indictment in this case was made public on February 5, 2024. Defendant first appeared before a judicial officer of the court

1. in which the charges in this case were pending on February 5, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 15, 2024.

2. On February 5, 2024, the Court set a trial date of March 19, 2024.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 10 days.

4. By this stipulation, defendant moves to continue the trial date to May 5, 2026, and the pretrial conference to April 21, 2026. This is the fifth request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. On August 19, 2024, new counsel was appointed to represent defendant.

    b. On April 2, 2025, a grand jury returned a First Superseding Indictment against defendant Rose, adding tax violations.

    c. Defendant is now charged with a with a violation of 15 U.S.C. §§ 78j(b), 78ff: Securities Fraud; 18 U.S.C. § 1001(a)(2): Making False Statements; and 26 U.S.C. § 7201 (Attempt to Evade and Defeat Tax). The government previously produced discovery to the defense, including more than 215,000 pages of written reports, bank records, deposition transcripts. The government has produced additional discovery related to the tax offenses.

    d. Defendant requires additional time to review all of the discovery and decide whether to retain an expert witness related to the tax counts.

1              e.   Due to the nature of the prosecution, including the
2 charges in the indictment and the voluminous discovery to be produced
3 to defendant, this case is so unusual and so complex that it is
4 unreasonable to expect adequate preparation for pretrial proceedings
5 or for the trial itself within the Speedy Trial Act time limits.
6              f.   Defense counsel is presently scheduled for the
7 following:
8                   i.   United States v. Ekanem, 25-cr-534-DSF, a single-
9 defendant case involving assault on a federal officer, scheduled for
10 trial on August 19, 2025, with an estimated trial length of 2-3 days.
11                  ii.  United States v. Wallace, 24-cr-556-ODW, a
12 single-defendant case involving possession with intent to distribute
13 meth, scheduled for trial September 2, 2025, with an estimated trial
14 length of 5 days.
15                  iii. United States v. Peters, 25-cr-96-PA, a single-
16 defendant case involving wire fraud, scheduled for trial on September
17 16, 2025, with an estimated trial length of 5 days.
18                  iv.  United States v. Pineda, 24-cr-710-MRA, a single-
19 defendant case involving possession with intent to distribute meth
20 and fentanyl as well as being a felon in possession of fifty-five
21 firearms, scheduled for trial on December 8, 2025, with an estimated
22 trial length of 3-4 days
23                  v.   United State v. Hudson, 23-cr-39-FMO, a single-
24 defendant case involving felon in possession of a firearm, scheduled
25 for trial on December 9, 2025, with an estimated trial length of 5
26 days.
27                  vi.  United States v. Duarte, 25-cr-235-MWF, a single-
28 defendant case involving felon in possession of a firearm, scheduled

3

for trial on February 24, 2026, with an estimated trial length of 3 days.

       vii. United States v. Salgado, 23-cr-653-DSF-12, a seventeen-defendant case involving possession with intent to distribute meth, fentanyl, and heroin, scheduled for trial on April 28, 2026, with an estimated trial length of 5 days

       viii.   United States v. Wrights, 25-cr-196-HDV, a multi-defendant case involving possession with intent to distribute cocaine and conspiracy, scheduled for trial on July 7, 2026, with an estimated trial length of 5 to 7 days.

    g. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    h. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

    i. The government does not object to the continuance.

    j. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 17, 2025, to May 5, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

///
///
///

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 8, 2025                    Respectfully submitted,

                                         BILAL A. ESSAYLI
                                         Acting United States Attorney

                                         CHRISTINA SHAY
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                              /s/
                                         ─────────────────────────────────
                                         ALEXANDRA MICHAEL
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

//

//

//

//

I am Lupe Rose's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 5, 2026, is an informed and voluntary one.

_____    8/6/25
IBOH UMODU                             Date
Attorney for Defendant
LUPE ROSE

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 5, 2026. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 5, 2026, at 8:30 a.m.

_____    08/06/2025
LUPE ROSE                              Date
Defendant

7